IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EMERALD COAST HOUSING II/CQ CORP.,
    Plaintiff,

vs.                                      Case No.:  3:15cv5/RV/EMT

MICHAEL A. EVANS,
    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

    Defendant Michael A. Evans ("Evans"), a non-prisoner proceeding pro se, commenced this action by filing a notice of removal, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, seeking to remove Emerald Coast Housing II/CQ Corp. v. Michael A. Evans, Case No. 2014-CC-2576F, from the County Court in and for Okaloosa County, Florida to this court (doc. 1).  Plaintiff has also filed a motion for leave to proceed in forma pauperis (doc. 10), which will be granted.

    After careful consideration of the record in this case, the undersigned concludes that this court lacks a proper basis for removal jurisdiction of the state court action, and the state court matter should be remanded to the state court from which it was removed.

    In the notice of removal, Evans states that on December 3, 2014, Plaintiff filed a complaint for eviction against him ("second eviction action"), in the County Court in and for Okaloosa County, for nonpayment of rent (doc. 1 at 2, 7–15).  Evans states he was served with the complaint on December 7, 2014 (*id.* at 2).  He states that on the same day Plaintiff filed the second eviction action, Plaintiff voluntarily dismissed a previous eviction action against him ("first eviction action") after he had deposited funds into the court registry (*id.*).  Evans states he filed a "Motion for Hearing to Determine Amount to be Paid into Court Registry" and a motion to dismiss the second eviction action (*id.* at 2, 16–24), and, after a hearing on his motions, the state court entered an order denying his motion to dismiss and directing him to deposit $1,435.00 into the court registry (*id.* at 2, 25–26).

Evans states on December 23, 2014, he filed a motion to abate the second eviction action (*id.* at 2, 27–31). He states that Plaintiff filed a motion for default judgment and tenant removal on December 29, 2014 (*id.* at 2, 32–33). The state court granted Plaintiff's motion for default judgment and tenant removal on January 2, 2015 (*id.* at 34–35). The state court denied Evans' motion to abate on January 5, 2015 (*id.* at 36).

As grounds for removal, Evans contends the state court violated his federal due process rights by (1) refusing to enter a judgment for costs against Plaintiff after Plaintiff voluntarily dismissed the first eviction action, (2) refused to stay or abate the second eviction action until Plaintiff paid costs from the first eviction action, (3) entered an order for default judgment in favor of Plaintiff in the second eviction action prior to entering a judgment for costs against Plaintiff in the first eviction action, and (4) denied his motion to abate without holding a hearing (doc. 1 at 3–4).

The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in relevant part:

> (a) . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Original jurisdiction over a case may be established where the action "aris[es] under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331. Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1352 n.2 (11th Cir. 2003). In assessing the propriety of removal, the rules for determining whether a controversy "arises under" federal law, thereby creating federal question jurisdiction, are well established. First, federal law must be an "essential" element of the plaintiff's cause of action. Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936). Second, the federal question which is the predicate for removal must be "presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La, 552 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)); *see also* Gully, 299 U.S. at 112–13 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. . . . and the controversy must be disclosed upon the face of the complaint, unaided

by the answer or by the petition for removal." ). "A case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). Thus, the federal claim or right that provides the predicate for removal cannot appear for the first time in a defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by a defendant. 14B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3722, pp. 402–14 (3d ed. 1998 & Supp. 2008); *see* Caterpillar Inc., 482 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); Gully, 299 U.S. at 113; *see also* Hunt v. Lamb, 427 F.3d 725 (10th Cir. 2005) (vacating dismissal and ordering remand to state court, holding that court lacked jurisdiction over custody dispute, even if defendant sought to vindicate federal civil and constitutional rights by way of defense or counterclaim); Takeda v. Nw. Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) (removability cannot be created by defendant pleading a counterclaim presenting a federal question). Third, the federal question raised must be a "substantial" one. Hagans v. Levine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974). Finally, the party seeking removal bears the burden of satisfying each of these preconditions. Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28, 94 S. Ct. 1002, 39 L. Ed. 2d 209 (1974); Burns v. Windsor Inc. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (the defendant seeking removal has the heavy burden of proving removal is proper). Remand is favored when there is a doubt as to whether removal was proper. *See* Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001); Burns, *supra*.

In the instant case, Evans has failed to carry his burden of demonstrating that removal is proper under the court's federal question jurisdiction. It is clear from a review of the complaint filed by Plaintiff in state court (*see* doc. 1 at 9) that its eviction action arises exclusively under state law, specifically, the Florida Residential Landlord and Tenant Act ("FRLTA"), Fla. Stat. §§ 83.40–.681, which authorizes a landlord to enforce its rights under the FRLTA by civil action in state court. *See* Fla. Stat. § 83.54. Evans asserting a federal constitutional defense to the enforcement action does not provide a basis for removal. *See* Caterpillar Inc., 482 U.S. at 399 ("[A] defendant cannot, merely

by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.").

Summary disposition of the notice of removal is proper because, assuming arguendo that Evans could establish the validity of his due process claim, it would not provides a basis for removal under 28 U.S.C. § 1441.  *See* Varney, 446 F.2d at 1369 (district court did not err in remanding case without conducting a hearing where, assuming arguendo that removing defendant could establish validity of his claims, it was "patent" that none of them supported removal); Spencer, 441 F.2d at 398 (same).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 10) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the removal be **DISMISSED** as improper and the clerk be directed to **REMAND** this case to the County Court in and for Okaloosa County, Florida.

At Pensacola, Florida, this 2nd day of March 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**